UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ADAN NAVARRO,<br><br>Defendant. | No. 2:21-cr-00191-DAD<br><br>ORDER DENYING DEFENDANT NAVARRO'S MOTION FOR REDUCTION OF SENTENCE UNDER 18 U.S.C. § 3582(c)(2)<br><br>(Doc. No. 145) |

On March 7, 2025, defendant Adan Navarro filed a *pro se* motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 821 to the U.S. Sentencing Guidelines. (Doc. No. 145.) On March 15, 2025, the motion was referred by minute order to the Office of the Federal Defender ("FDO") for possible assumption of representation. (Doc. No. 146.)[1] On April 10, 2025, the government filed an opposition to defendant's motion. (Doc. No. 148.) Defendant Navarro did not file a reply.

Because defendant Navarro is not eligible for the relief he seeks pursuant to § 3582(c)(2), the court will deny the pending motion to reduce his sentence.

/////

---

[1] The FDO did not file a notice indicating its intent to assume representation within the time provided by the order and thus the time for the filing of an opposition by the government commenced running. (Doc. No. 146.)

1

|   |   |
|---|---|
| 1 | **BACKGROUND** |
| 2 | On October 31, 2023, defendant Navarro appeared before the undersigned and entered an |
| 3 | open plea of guilty, without plea agreement, to each of the counts of the Indictment in which he |
| 4 | was charged. (Doc. No. 100). Specifically, defendant's guilty pleas were entered as to: Count 1, |
| 5 | charging him with Conspiracy to Distribute and Possess with Intent to Distribute at least one |
| 6 | kilogram of a mixture or substance containing a detectable amount of Heroin in violation of 21 |
| 7 | U.S.C. §§ 846, 841(a)(1); Count 3, charging him with Conspiracy to Distribute and Possess with |
| 8 | Intent to Distribute at least 500 grams of a mixture or substance containing a detectable amount of |
| 9 | Methamphetamine, at least one kilogram of a mixture or substance containing a detectable |
| 10 | amount of Heroin, and at least 40 grams of a mixture or substance containing a detectable amount |
| 11 | of Fentanyl, in violation of 21 U.S.C. §§ 846, 841(a)(1); Count 4, charging him with Conspiracy |
| 12 | to Import into the United States from a place outside thereof at least 500 grams of a mixture or |
| 13 | substance containing a detectable amount of Methamphetamine, at least one kilogram of a |
| 14 | mixture or substance containing a detectable amount of Heroin, and at least 40 grams of a mixture |
| 15 | or substance containing a detectable amount of Fentanyl, in violation of 21 U.S.C. §§ 963, 952; |
| 16 | and Count 5, charging him with Conspiracy to Launder Money, in violation of 18 U.S.C. §§ |
| 17 | 1956(a)(2)(A) and (h). (*Id.*; Doc. No. 119 at 1–2, 4.) Counts 1, 3, and 4 to which defendant |
| 18 | Navarro entered his pleas of guilty each carried maximum sentences of a mandatory ten-year term |
| 19 | of imprisonment up to life imprisonment. (Doc. Nos. 1 at 7–8; 119 at 1, 15.) |
| 20 | The presentence report ("PSR") prepared in defendant's case calculated his total offense |
| 21 | level as 37 and his criminal history category as I (based on a finding of a criminal history score of |
| 22 | 0), resulting in an advisory sentencing guidelines range calling for a term of imprisonment |
| 23 | between 210 and 262 months. (Doc. No. 119 at 15.) At the sentencing hearing on July 16, 2024, |
| 24 | the undersigned overruled the government's objections (Doc. No. 124) to the presentence report |
| 25 | court, adopted the findings of the PSR, and varied downward from the applicable guideline range |
| 26 | based upon the cited § 3553(a) factors, imposing 180-month terms of imprisonment on each of |
| 27 | the four counts of conviction to be run concurrently and with 60-month terms of supervised |
| 28 | ///// |

1  release ("TSR") to follow with those TSR terms to also run concurrently.  (Doc. No. 131.)  The

2  court entered judgment on July 18, 2024.  (Doc. No. 132.)

3       In his pending motion, defendant Navarro moves to reduce his sentence, pursuant to 18

4  U.S.C. § 3582(c)(2) based upon Amendment 821 to the U.S. Sentencing Guidelines.  (Doc.

5  Nos. 145.)  Specifically, defendant contends that he is eligible for a sentence reduction based on

6  Part B of Amendment 821 and U.S. Sentencing Guidelines ("U.S.S.G.") § 4C1.1(a).  (*Id*.)  That

7  new provision reduced the advisory sentencing guideline range for those who had no criminal

8  history points—so-called zero-point offenders.

9       **ANALYSIS**

10       "A federal court generally 'may not modify a term of imprisonment once it has been

11  imposed.'"  *United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021) (quoting *Dillon v. United

12  State*s, 560 U.S. 817, 819 (2010)); *see also* 18 U.S.C. § 3582(c); *United States v. Tadio*, 663 F.3d

13  1042, 1046 (9th Cir. 2011); *United States v. Barragan-Mendoza*, 174 F.3d 1024, 1028 (9th Cir.

14  1999) ("[D]istrict courts do not have 'inherent authority' to reconsider sentencing orders.").  "But

15  this general rule is subject to several exceptions."  *United States v. Keller*, 2 F.4th 1278, 1281 (9th

16  Cir. 2021).  One of those exceptions is found in 18 U.S.C. § 3582(c)(2), which provides:

17         in the case of a defendant who has been sentenced to a term of
18         imprisonment based on a sentencing range that has subsequently
        been lowered by the Sentencing Commission pursuant to 28 U.S.C.
        § 994(o), upon motion of the defendant or the Director of the Bureau
19         of Prisons, or on its own motion, the court may reduce the term of
20         imprisonment, after considering the factors set forth in section
        3553(a) to the extent that they are applicable, if such a reduction is
        consistent with applicable policy statements issued by the Sentencing
21         Commission.

22  18 U.S.C. § 3582(c)(2).

23       District courts are to engage in a "two-step inquiry" in determining whether a sentence

24  reduction is appropriate under 18 U.S.C. § 3582(c)(2).  *United States v. Brito*, 868 F.3d 875, 879

25  (9th Cir. 2017) (citing *Dillon*, 560 U.S. at 826).  "First, a district court must determine whether a

26  prisoner is eligible for a sentence reduction under the Commission's policy statement in

27  § 1B1.10."  *Id.* (citing *Dillon*, 560 U.S. at 827).  "Second, a district court must 'consider any

28  applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by

1  reference to the policies relevant at step one is warranted in whole or in part under the particular
2  circumstances of the case.'" *Id*. (quoting *Dillon*, 560 U.S. at 827). The Ninth Circuit has "called
3  these steps the 'eligibility prong' and the 'discretionary prong.'" *Id*. (quoting *United States v.*
4  *Dunn*, 728 F.3d 1151, 1157 (9th Cir. 2013)).

5  Defendant Navarro contends that at the time of his sentencing he had no prior criminal
6  history, is a zero-point offender and is entitled to a reduction of his sentence. (Doc. No. 145.)
7  Defendant is mistaken in this regard. As the government points out in its opposition, and as the
8  PSR prepared in defendant's case establishes, at the time of defendant's sentencing U.S.S.G. §
9  4C1.1 was already in effect and was applied by the court in calculating defendant's offense level
10 to be 37. (*See* Doc. No. 119 at 10, ¶ 43) ("The defendant meets the criteria at USSG
11 §§4C1.1(a)(1)-(10). Therefore, the defendant is a Zero-Point Offender, and the offense level is
12 reduced by two levels. USSG §§4C1.1(a) and (b). -2"). Therefore, having already received the
13 benefit of the zero point offender provision, defendant Navarro is not eligible for the requested
14 relief.[2] *See United States v. Arellano*, No. 23-cr-00182-JD, 2025 WL 20439, at *2 (W.D. Okla.
15 Jan 2, 2025) ("Accordingly, because Arellano received the benefit of Amendment 821 at
16 sentencing, a reduction in sentence under 18 U.S.C. § 3582(c)(2) is not authorized.")

17 Because defendant is ineligible for a modification of his sentence based on
18 Amendment 821, the court need not proceed to the second step of the § 3582(c)(2) analysis to
19 consider again the § 3553(a) sentencing factors. *Dillon*, 560 U.S. at 826–27. The pending motion
20 for a sentence reduction will therefore be denied.

21 /////
22 /////
23 /////
24 /////

---

25 [2] Although defendant does not seek a reduction in his sentence pursuant to Part A of Amendment
26 821, it is clear that he is ineligible for relief under that provision as well. Part A of Amendment
   821 decreases the number of "status points" received under U.S.S.G. § 4A1.1 by individuals who
27 commit their offense while under a criminal justice sentence. However, defendant's PSR does
   not reflect that he was under any criminal justice sentence when he committed the offense for
28 which he was sentenced by this court and he did not receive any status points.

**CONCLUSION**

For the reasons explained above, the court denies defendant Navarro's motion for a reduction of his sentence pursuant to § 3582(c)(2). (Doc. No. 145.) The Clerk of the Court is directed to close this case once again.

IT IS SO ORDERED.

Dated: **May 9, 2025**

*Dale A. Drozd*
DALE A. DROZD
UNITED STATES DISTRICT JUDGE